fendant at law has become the complainant in chancery.

In Dunn v. Clarke, 8 Pet. [33 U. S.] 3, the supreme court says: "The injunction bill is not considered an original bill between the same parties, as at law; but if other parties are made in the bill, and different interests involved, it must be considered. to that extent at least, an original bill. and consequently the jurisdiction of the circuit court must depend upon the citizenship of the parties." Under the judiciary act, one of the parties must be a citizen of the state where the suit is brought.

Now here the bill is not between the same parties as at law, and moreover an entirely different interest is involved. For all practical purposes, it must be considered as an original bill; and as the complainant David Williams is a citizen of Tennessee, and the defendant Byrne a citizen of Mississippi, this court can take no jurisdiction of the case.

Upon the ground, also, that Williams failed to swear to his bill, without showing any sufficient reason for it, I should not hesitate to overrule the motion for an injunction. ·

———

WILLIAMS (CALLON v.). See Case No. 2,-324.

WILLIAMS (CASSEDY v.). See Case No. 2,-501.

WILLIAMS (CLEMENTSON v.). See Case No. 2,885.

———

## Case No. 17,719.

### WILLIAMS v. CRAVEN.

[2 Cranch, C. C. 60.] [1]

Circuit Court, District of Columbia. Dec. Term, 1812.

AMERCEMENT OF MARSHAL.

If a defendant arrested upon a capias ad respondendum be discharged under the insolvent act, before the return of the writ. and fail to appear, the marshal cannot be amerced.

The marshal, having returned cepi, discharged under the insolvent law, upon a capias ad respondendum. and no appearance having been entered for the defendant, the plaintiff moved to amerce the marshal for not bringing him in.

THE COURT (nem. con.) said the marshal could not be amerced. The law had not provided the means of compelling an appearance.

———

WILLIAMS (CREDITORS v.). See Case No. 3,379.

WILLIAMS (DE LAVEAGA v.). See Case No. 3,759.

WILLIAMS (DWIGHT v.). See Case No. 4,-218.

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 17,720.

### WILLIAMS et al. v. EMPIRE TRANSP. CO. et al.

[3 Ban. & A. 533; 6 Reporter, 673; 17 Am. Law Reg. (N. S.) 698; 14 O. G. 523; 1 N. J. Law J. 315; 18 Alb. Law J. 313; 24 Int. Rev. Rec. 330; 35 Leg. Int. 440; 1 Md. Law Rec. 115.] [1]

Circuit Court, D. New Jersey. Oct., 1878.

PRACTICE IN EQUITY — PLEA OF NO INTEREST — JURISDICTION OF FEDERAL COURTS—CORPORATIONS, WHERE "FOUND."

1. Where one of the defendants appeared, and pleaded certain facts, which, if true, would show that he had no interest in the subject matter of the suit, and a motion was made to strike out such plea, which motion was, by consent, treated as a demurrer: Held, that the plea should not be overruled, nor ordered to stand as an answer, but that the benefit of the plea should be saved to the defendant until the hearing, when it would be treated as the testimony in the case might warrant.

2. A foreign corporation transacting business in a state, and amenable to the process of the courts of such state, is "found" within the state, in the sense of the judiciary acts, and may be sued in the federal courts therein.

[Cited in Wilson Packing Co. v. Hunter, Case No. 17.852; Hayden v. Androscoggin Mills, 1 Fed. 95; Ehrman v. Teutonia Ins. Co., Id. 478; Eaton v. St. Louis Shakspear Mining & Smelting Co., 7 Fed. 141; Boston Electric Co. v. Electric Gaslighting Co., 23 Fed. 839; Maxwell v. Atchison, T. & S. F. R. Co., 34 Fed. 288.]

[This was a bill in equity by John T. Williams and others against the Empire Transportation Company and others.]

A. Q. Keasbey and Joseph C. Clayton, for complainants.

George Harding, for defendant Hopper.

NIXON, District Judge. This is a motion to strike out a plea. The bill of complaint was filed for the infringement of certain letters patent, against the Empire Transportation Company, a corporation organized under the laws of the state of Pennsylvania, and doing business as such, among other places. at Jersey City and elsewhere within the state of New Jersey, and B. W. Hopper, the agent of the said company in this state.

The service of subpœna was made upon the defendant Hopper. No appearance has been entered for the defendant corporation; but Hopper has appeared and pleaded that at the time of the commencement of this suit he was acting merely as station agent, at Newark. New Jersey, for the Empire Transportation Company, a corporation organized and operating under the laws of Pennsylvania; that, as such agent, he had nothing whatever to do with the construction and operation of cars for transporting petroleum. nor with the running of the same within the district of. New Jersey. nor in any other place; his duty as agent being merely to keep the books of the

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden. Esq.. and here reprinted by permission. 6 Reporter, 673, contains only a partial report.]